INSTITUTO CUBANO DE ESTABILIZA-CION DEL AZUCAR, Libelant,

v.

THE THEOTOKOS, her engines, etc. and Transocean Oil Corporation and Transworld Marine Transport Corporation, Respondents.

United States District Court
S. D. New York.
July 5, 1957.

86

Thacher, Proffitt, Prizer, Crawley & Wood, New York City, John J. Leibell, New York City, of counsel, for libelant.

Kirlin, Campbell & Keating, New York City, Walter P. Hickey, New York City, of counsel, for respondents.

DAWSON, District Judge.

This is a motion to direct the respondent Transworld Marine Transport Corporation to proceed to arbitration pursuant to the provisions of a charter party which provides for arbitration of disputes. On April 24, 1953, libelant instituted an action against the S.S. Theotokos, Transocean Oil Corporation and Transworld Marine Transport Corporation to recover damages for shortages in cargoes allegedly shipped by libelant and carried by the vessel and the respondents under a charter party dated March 8, 1952. The charter party had in it a provision for the arbitration of disputes.

On May 24, 1954, before either respondent had answered, libelant served a written demand for arbitration on each of the respondents. Respondent Transocean designated its arbitrator but respondent Transworld refused to arbitrate on the ground that it had executed the charter party as agent for Transocean, the owner of the vessel, and "hence was not a party to the charter party and is not bound by the arbitration provision contained therein."

The charter party was a written document entered into between "Transworld Marine Transport Corporation, as agents of the owners of the Liberian tank vessel named 'Theotokos' and Instituto Cubano de Estabilizacion del Azucar." The Transocean Oil Corporation is not named in the charter party. Transworld Marine now contends that Transocean is the owner of the vessel and that it acted merely as agent for Transocean. The Manager of the libelant, who signed the charter party on its behalf, submitted an affidavit in which he states: "At the time I signed the charter party and the two addenda I had no knowledge or information that Transocean Oil Corporation was the owner of the S.S. Theotokos, and to the best of my knowledge, no other agent or representative of Instituto had any information to that effect."

The libelant herein did not institute this action to seek to enforce an arbitration agreement in the charter party. It filed a libel for damages. Now, after respondents have answered and one of them, Transocean, has pleaded in defense the arbitration clause of the charter party, then for the first time libelant seeks to have this Court order arbitration. Transworld raises an interesting point in this regard, i. e., can a party who signs a charter party as agent, but without designating the principal for whom he is acting, be compelled to arbitrate disputes arising out of the charter party. This issue will ultimately have to be decided but it cannot be adjudicated on this motion.

Respondent Transworld denies that it entered into the arbitration agreement or that it is bound thereby. Therefore the making of the arbitration agreement is in issue so far as Transworld is concerned. Certain issues of fact are pertinent to the determination of that issue, such as, for example, whether libelant knew the name of the owner of the vessel, or reasonably should have known it, and whether Transworld was acting for that owner in the scope of its authority, and whether libelant knew or should have known the principal on whose behalf Transworld was executing the charter party.

Since the making of the charter party by Transworld is in dispute, and these questions of fact are presented, this issue must be put down summarily for trial. 9 U.S.C. § 4.

The Court will therefore direct that the issues raised by this motion shall be determined at a trial to be held before the undersigned on Thursday, September 5, 1957, at 10:30 A.M.